IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |  | |
|---|---|---|---|
| TRESSA Y. DOUCET, | § | | |
| | § | | |
| Plaintiff, | § | | |
| | § | | |
| V. | § | No. 15-cv-2115-B-BN | |
| | § | | |
| NANCY A. BERRYHILL, | § | | |
| Acting Commissioner of Social Security, | § | | |
| | § | | |
| Defendant. | § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Tressa Y. Doucet's counsel Ronald D. Honig has filed a Petition to Obtain Approval of a Fee for Representing a Social Security Claimant. *See* Dkt. No. 26. United States District Judge Jane J. Boyle has referred this matter to the undersigned United States magistrate judge for recommendation.

For the reasons explained below, the Court should grant the motion.

**Background**

On June 23, 2015, Plaintiff filed a complaint challenging the Commissioner of Social Security's decision denying her claim for benefits under the Social Security Act. *See* Dkt. No. 1. By an order and judgment entered on April 1, 2016 [Dkt. Nos. 19 & 20], the Court reversed and remanded this case for further administrative proceedings. Plaintiff then moved for, and was awarded, attorneys' fees under the Equal Access to Justice Act ("EAJA") in the amount of $3,974.46. *See* Dkt. Nos. 23, 24, & 25.

In his Petition to Obtain Approval of a Fee for Representing a Social Security

Claimant, Mr. Honig explains that, "[a]s a result of such remand, a decision in favor of the Plaintiff was rendered by an Administrative Law Judge of the Social Security Administration on April 11, 2017"; "[s]uch decision found that the Plaintiff was disabled as of March 22, 2005"; "[a]s a result of such decision, an award of benefits was made to the Plaintiff by the Defendant Commissioner"; "[a] Social Security Administration notice, dated July 25, 2017 advised Plaintiff that she had been awarded disability insurance benefits for the period commencing September 2009"; and "[t]he notice further advised that the amount of $14,885.50, representing twenty-five percent of the past-due benefits, had been withheld from the Plaintiff's past-due benefits for payment of an attorney fee." Dkt. No. 26 at 3.

As provided by a contingency fee agreement, *see* Dkt. No. 26 at 56-57 of 65, Mr. Honig now seeks approval under Section 406(b) of the Social Security Act to pay him attorneys' fees in the amount of $14,885.50, which represents 25% of the past-due disability insurance benefits awarded to Plaintiff. *See* Dkt. No. 26 at 3. Mr. Honig also explains that

> Plaintiff was also found to be entitled to Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, as a result of the favorable decision by the Administrative Law Judge. Such benefits are paid first. Once such payment is made, the Acting Commissioner, through the District Office and the Payment Center, determine the amount of SSI benefits which were paid to the claimant, which would not have been paid, had the Disability Insurance Benefits been paid to the claimant first. This overpaid amount, known as a windfall, is offset from the amount of Title II benefits owed to the claimant and withheld from the claimant until the windfall offset is calculated.
>     As SSI Notice of Award dated June 6, 2017 advised the Plaintiff that her past-due SSI benefits were $37,950.38 for the period of September 2010 through May 2017. A Notice of Change in Payment dated

2

> August 11, 2017 indicated that Ms. Doucet was due $97.00 per month for the months of June 2017 through August 2017. The Notice further advised that she would receive (through her representative payee) her monthly payment of $735.00 approximately September 1, 2017.
>
> Undersigned counsel has calculated that Plaintiff's total SSI benefits for the period of October 2010 through September 2017 are $38, 976.38 ($37, 950.38 + $291.00 ($97.00 x 3) +$735.00). However, on September 2, 2017 the Acting Commissioner issued an "Important Information" notice, advising Ms. Doucet that she had received an overpayment of $38,930.38 in SSI benefits, which would be deducted from her past-due Disability Insurance Benefits (the "windfall offset"). As the difference between what Plaintiff actually received in SSI ($38,976.38) and what remained after the offset of $38,930.38 is $46.00, which would result in an attorney fee of $11.50, [Mr. Honig] will waive any claim for an attorney fee from Plaintiff's SSI benefits under Title XVI of the Social Security Act.

*Id.* at 3 n.1.

The Commissioner timely filed a response, *see* Dkt. No. 27, and the motion is now ripe for decision.

**Legal Standards and Analysis**

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While Section 406(a) governs the award of attorneys' fees for representing a claimant in administrative proceedings, Section 406(b) governs the award of attorneys' fees for representing a claimant in court. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the

3

> past-due benefits to which the claimant is entitled by reason of such judgment....

42 U.S.C. § 406(b)(1)(A); *see also Murkeldove*, 635 F.3d at 788 (citing *Gisbrecht*, 535 U.S. at 800); *accord Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (holding that "§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand").

Contingency fee agreements in Social Security cases are unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits. *See Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, Section "406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

The Commissioner has declined to assert a position on the reasonableness of Plaintiff's fee request on the ground that she is not the true party in interest but asks the Court to resolve the question of reasonableness. *See* Dkt. No. 27 at 2, 4. As the United States Court of Appeals for the Fifth Circuit has noted, the Commissioner has no direct financial stake in the fee determination; rather, her role resembles that of a "trustee" for the claimant. *See Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6). Seeking a Court's review of the reasonableness of the fees sought is consistent with this role.

But the Commissioner explains that "Mr. Honig's requested fee does not appear to be unreasonable." Dkt. No. 27 at 2. "The Commissioner notes that in the instant case, Mr. Honig has provided a billing statement, indicating specific time spent on this

4

matter" and that, "[b]ecause Mr. Honig's billing statement indicates that attorneys expended 20.70 hours on the instant matter, the requested attorney's fees of $14,885.50 represents an effective hourly rate of $719.11"; and "[c]onsidering relevant case law, the Commissioner does not take the position that the requested § 406(b) award of $14,885.50 represents an unreasonable amount when considered on an hourly basis." *Id.* at 3.

The reasonableness of attorneys' fees awarded pursuant to a fee-shifting statute is generally determined by using the lodestar method. *See Jeter*, 622 F.3d at 374 n.1. Noting that Section 406(b) is not a fee-shifting statute, however, the Supreme Court has "explicitly rejected" the use of the lodestar method as the "starting point" in determining the reasonableness of a fee under this statute. *Gisbrecht*, 535 U.S. at 801. Instead, "lower courts [are] to give a contingency fee agreement 'primacy,'" although this will "in some instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379.

The Court in *Gisbrecht* acknowledged that, "[i]f the benefits [resulting from a contingency fee agreement] are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order [to disallow windfalls for lawyers]." 535 U.S. at 808. The Fifth Circuit has interpreted this language to mean that courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall but only if they "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 379. For instance, a court may consider a reasonable hourly rate in its "windfall"

5

assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned. It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 381-82 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17.

With regard to the first factor, courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-cv-56-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that, in the year 2000, only 35 percent of claimants who appealed their case to federal court received benefits), *rec. adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. Civ. A. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *rec. adopted*, 2012 WL 4471813 (E.D. La. Sept. 27, 2012). Here, counsel faced a substantial risk of loss, as Plaintiff had lost at all levels of the administrative proceedings. See Dkt. No. 14 at 3.

Counsel's resulting effective hourly rate of $719.11 ($14,885.50 divided by 20.70

6

hours of attorney work devoted to the case) does not exceed 25% of the past-due benefits that the plaintiff received. Mr. Honig has provided evidence that, "while counsel does not normally charge fees on an hourly basis, the standard hourly rate which would be charged in such circumstances is $375.00 per hour" and "[s]urvey information indicates that this is consistent with the median hourly rate of $388.00 per hour, charged by law firms in the Texas region, in the year 2012, by equity partners in law firms in the region." Dkt. No. 26 at 6. But counsel submits that, where he "expended 20.70 hours in service to the Plaintiff before this Honorable Court" and "has devoted over forty-one years of study and practice in the field of Social Security Law, having served nearly twelve years as an attorney for the Social Security Administration and over thirty years since then as an attorney representing individuals in social security claims before the Social Security Administration and the Federal Courts, "[t]he resulting hourly rate requested here therefore seems reasonable" and that, "[i]n view of counsel's forty-one years of experience in the practice of social security law and the contingent nature of the agreement, [Mr. Honig] respectfully submits that the attorney fee requested is reasonable and consistent with awards granted in this and other courts." *Id.* at 6-7.

"Consistent with the fact that services were performed for the Plaintiff on a contingent fee basis, [Mr. Honig] respectfully submits that a fee of 2.5 times the standard hourly rate is not unreasonable and is consistent with the awards described above." *Id.* at 7. The undersigned agrees that the resulting hourly rate is reasonable under the circumstances.

7

Moreover, Mr. Honig provided effective and efficient representation, expending over 20 hours to reach a favorable result. Given the lack of success at the administrative level, counsel's success appears to be attributable to their own work.

Finally, while not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25% fee. *See Jeter*, 622 F.3d at 381-82; *Hartz*, 2012 WL 4471846, at *6.

After weighing the relevant factors, the undersigned finds that the requested contingency fee award in the amount of $14,885.50 is reasonable and should be granted. Plaintiff was previously awarded attorneys' fees pursuant to the EAJA. *See* Dkt. No. 25. Given the overlap between the EAJA and Section 406(b) of the Social Security Act, "Congress harmonized fees payable by the Government under" these statutes by requiring that the attorney "refund to [Plaintiff] the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted); *Rice v. Astrue*, 609 F.3d 831,837-39 (5th Cir. 2010). Here, Mr. Honig represents that, "should the Court award attorney fees payable out of Plaintiff's past-due benefits, [Mr. Honig] shall reimburse to Plaintiff the lesser of the amount paid by the Defendant Commissioner as an attorney fee, or the amount received under EAJA." Dkt. No. 26 at 8.

**Recommendation**

The Court should grant Plaintiff's counsel Ronald D. Honig's Petition to Obtain Approval of a Fee for Representing a Social Security Claimant [Dkt. No. 26] and award Ms. Honig $14,885.50 in attorneys' fees to be certified for payment out of Plaintiff Tressa Y. Doucet's past-due benefits pursuant to 42 U.S.C. § 406(b) and order the

Acting Commissioner to release such amount as and for an attorneys' fee to Plaintiff's counsel Ronald D. Honig.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 23, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE